# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES FARRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18CV240 |
| | ) |
| WESTROCK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). At a hearing on the Application, the Court (per the undersigned United States Magistrate Judge) informed Plaintiff that it would defer action on the Application pending the filing on or before May 10, 2018, of an Amended Complaint that addressed issues discussed at the hearing and included a copy of Plaintiff's Equal Employment Opportunity Commission (the "EEOC") charge and right-to-sue letter. (See Docket Entry dated Apr. 10, 2018.) In response to a voice mail message from Plaintiff on May 9, 2018, the Clerk's Office notified him that he must file a written motion to request any extension of deadlines. (See Docket Entry dated May 11, 2018.) Nevertheless, Plaintiff has filed neither an Amended Complaint nor an extension motion. (See Docket Entries dated Apr. 10, 2018, to present.) For reasons set forth below, the Court will

grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim, 64 F.3d at 955.

## DISCUSSION

Plaintiff's Complaint names Westrock, Craig Smith, Barbara Harrington, Pam Taylor, and Nicole Shaffer as Defendants. (See Docket Entry 2 at 1-2.) It asserts that Plaintiff suffered

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

3

workplace harassment because of his race, gender/sex, and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (See Docket Entry 2 at 3.) The Complaint also alleges termination of employment and retaliation under Title VII. (Id.) As factual matter supporting these allegations, the Complaint offers only the following:

1) Plaintiff was "refused [a] day off to preach, while another employee was giv[e]n [a day off] for a picnic" (id.);[2] and

2) Plaintiff was "put down because [he is] white, while [another] employee [was] allowed from 03/17-10/17 to have [a] Chocolate Mama sticker on [Plaintiff and the employee's] desk." (id.)

According to the Complaint, Plaintiff filed a charge with the EEOC on December 17, 2018, and, thereafter, the EEOC sent Plaintiff a notice-of-right-to-sue letter, which Plaintiff received on January 9, 2018. (See id. at 5.) As indicated above, because Plaintiff did not attach a copy of either the charge or the right-to-sue letter to his Complaint, the Court gave Plaintiff the opportunity to provide those documents along with an Amended Complaint that provided further factual matter regarding his claims. However, Plaintiff failed to file an Amended Complaint or otherwise submit the EEOC materials for the Court's review. (See Docket Entries

---

[2] For legibility reasons, this opinion omits all-cap font in all quotations of Plaintiff's materials.

dated Apr. 10, 2018, to present.) This failure dooms Plaintiff's suit for at least two reasons.

First, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC before filing suit under Title VII. Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000). Moreover, the plaintiff must do so "within one hundred and eighty days after the alleged unlawful practice occurred." 42 U.S.C. § 2000e-5(e)(1). "A plaintiff's EEOC charge defines the scope of h[is] subsequent right to institute a civil suit." Smith, 202 F.3d at 247 (quoting Evans v. Technologies Applications and Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996)). Without the EEOC charge or, at least more detailed information about its contents within his pleading, he has not shown that the claims in the Complaint are "reasonably related to [his] EEOC charge." Smith, 202 F.3d at 247-48. Under these circumstances, Plaintiff's claims fail for failure to exhaust administrative remedies.

Second, even assuming that Plaintiff had exhausted his administrative remedies as to the claims he has set forth, his Complaint would still fail as a matter of law. To begin, Title VII provides a cause of action against only employers, not supervisors or fellow employees. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994). For this reason, Plaintiff's claims cannot proceed against Defendants Smith, Harrington, Taylor,

5

and Shaffer.  Next, Plaintiff's Complaint contains no factual allegations to support his claim that his employer discriminated against him because of his race, sex, or religion.  (See Docket Entry 2 at 4.)  In this regard, "Title VII. . . does not set forth a 'general civility code for the American workplace.'" Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). To the contrary, Title VII requires an employee claiming discrimination to show that an adverse employment action occurred "because of" the employee's race, sex, or religion.  42 U.S.C. § 2000e-2(a)(1); see also Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 286 (4th Cir. 2004) (explaining that, under Title VII, "an individual alleging disparate treatment based upon a protected trait must produce sufficient evidence upon which one could find that 'the protected trait . . . actually motivated the employer's decision'" (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000))).

Here, the Complaint offers no facts showing that Plaintiff suffered mistreatment because of his race, sex, or religion. First, the Complaint simply lacks any factual allegations concerning race aside from its conclusory assertions that Plaintiff was "put down because [he is] white" and that another employee "[was] allowed . . . to have [a] Chocolate Mama sticker on [his/their] desk." (Docket Entry 2 at 4.)  Plaintiff provided no details regarding the

6

alleged put downs or circumstances surrounding the sticker (see id.), thereby preventing a finding that his race "actually motivated" any employment decision or that Plaintiff suffered actionable harassment based on race. Moreover, even if a supervisor of a different race made the unspecified "put down," the mere allegation that a supervisor of one race treated an employee of a different race rudely does not present a plausible claim of discrimination. See, e.g., Hawkins v. Pepsico, Inc., 203 F.3d 274, 282 (4th Cir. 2000) (noting that the "[l]aw does not blindly ascribe to race all personal conflicts between individuals of different races"). Further, to the extent that the Complaint alleges employment discrimination based on "sex," it does so only by checking the box for sex discrimination without providing any factual allegations that would support an inference that Plaintiff suffered adverse employment action based on his sex (i.e., because he is male). (See Docket Entry 2 at 4.)

As to religion, the "burdens placed on the employee mirror those . . . based on race or sex," in that the "employee must demonstrate that the employer treated h[im] differently than other employees because of h[is] religious beliefs." Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1017 (4th Cir. 1996) (emphasis added). The Complaint describes Plaintiff's religion as "preacher" and bases its religious discrimination claim on the allegation that he was "refused a day off to preach, while another employee was

7

given [a day off] for a picnic." (Docket Entry 2 at 4.)  Without any further factual development, such a conclusory allegation cannot plausibly establish religious-based discrimination.  See generally Iqbal, 556 U.S. at 678.

As a final matter, Plaintiff's Complaint lacks any factual allegations to support either a wrongful termination claim or a retaliation claim.  In particular, the Complaint does not show that Plaintiff's employer fired him due to a protected trait.  Instead, the Complaint specifies only a date range for the alleged discriminatory acts, "2014-Aug - Thru Retaliation 10/2017," and elsewhere checks the box for "Termination of my employment." (Docket Entry 2 at 4.)  Similarly, the Complaint fails to state a retaliation claim under Title VII, because it lacks factual allegations sufficient to warrant an inference that Plaintiff suffered a materially adverse action resulting from any protected activity, such as filing a charge with the EEOC or reporting perceived discrimination to his employer.  See Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998).  The Complaint does not identify any protected activities under Title VII in which Plaintiff engaged before his employment ended (see Docket Entry 2 at 4), thereby precluding any Title VII retaliation claim.  Put simply, merely invoking the term "retaliation" does not suffice to state a claim under Title VII.  See, e.g., Iqbal, 556 U.S. at 678 ("[T]he tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

In sum, Plaintiff's Complaint fails as a matter of law.

CONCLUSION

Plaintiff has not shown that he exhausted administrative remedies and his Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 7, 2018